BLEWETT et al. v. HOYT et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

APPEAL—CASE ON APPEAL—RESETTLEMENT.

    After plaintiffs had rested, counsel for defendant H. made a motion to dismiss the complaint, stating seven grounds therefor. The stenographer's minutes disclosed that counsel began to argue the motion and after recess stated that he desired to rest on plaintiffs' case. The plaintiffs then moved to strike out portions of the testimony and to direct a verdict for plaintiffs, whereupon, during a colloquy, counsel for defendant H., stated that his motion was first to dismiss the complaint and in the alternative, a ruling that plaintiffs in no event, could recover more than nominal damages. After the court had stated that a question of law only was presented, further argument was had after which the court denied defendant's motions to dismiss and granted plaintiffs' motion for judgment for the amount claimed, filing a decision on which the judgment was rendered. The case on appeal merely stated that plaintiffs moved for a direction of a verdict in their favor, and that counsel for the other defendant joined in that motion and that defendant H. moved for the direction of a verdict in his favor. *Held*, that defendant H. was entitled to have the case on appeal resettled, so as to contain a statement of his motion and the grounds on which it was based.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2548.]

Appeal from Special Term, New York County.

Action by Edward Blewett and others against Colgate Hoyt and another. From an order denying the motion of defendant Hoyt to resettle the case on appeal, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William D. Guthrie, for appellant Hoyt.
George F. Harriman, for respondents.

INGRAHAM, J. The question presented on this appeal is, whether the case on appeal should contain the grounds upon which counsel for the defendant Hoyt moved to dismiss the complaint. It seems that after the plaintiff rested counsel for the defendant Hoyt made a motion to dismiss the complaint, stating at large seven grounds upon which that motion was based. From the stenographer's minutes, it appears that he commenced his argument and continued until recess, when the argument was suspended; that after recess, counsel for the defendant Hoyt said:

"I desire to state that the defendants rest upon the plaintiff's case."

The plaintiffs then made a motion to strike out portions of the testimony, and then made a motion to direct a verdict for the plaintiffs. The court then said:

"Now the question is on the motion of the plaintiffs and the defendant Hunt and for the direction of a verdict against the defendant Hoyt. Your motion, Mr. Guthrie, is still to dismiss the complaint."

To which Mr. Guthrie replied:

"My motion is first to dismiss the complaint; in the alternative, a ruling that the plaintiffs in no event are entitled to recover more than nominal damages."

The court then, after stating the several motions, said:

"I will hear Mr. Guthrie, I think, since he had the floor and has started. Does not this take the question away from the jury, gentlemen? I think it does, and we have quite an important question here."

After further discussion, the court held that these several motions made a question of law for the court, when the jury seems to have been discharged without objection, and counsel for the defendant continued this motion to dismiss the complaint. It appears that a long discussion followed, counsel for all three of the parties being heard. The court subsequently denied the defendant's motions to dismiss the complaint, or to direct a verdict for nominal damages, and granted the motion of the plaintiffs for judgment for the full amount claimed, and subsequently filed a decision in favor of the plaintiffs upon which judgment was entered. The case on appeal as settled merely stated that the plaintiffs moved for the direction of a verdict for the plaintiffs, and counsel for the defendant Hunt joined in that motion, and the defendant Hoyt moved for the direction of a verdict in his favor.

There was no statement of the grounds upon which the defendant Hoyt made his motion and which was considered by the Trial Court. I think this motion should have been granted so that the case should contain a statement of the motion made by the defendant Hoyt and the grounds upon which it was made. On an appeal in a case of this kind it is often important to have the grounds upon which a motion for the dismissal of the complaint or for the direction of a verdict was made, so that there can be no question of a waiver of any position which the defendant was entitled to take. The statement in the affidavits and the stenographer's minutes of what happened upon the trial shows that the defendant Hoyt's motion was upon the grounds stated by him, on his motion to dismiss at the close of the plaintiffs' case. It is true that after the motion was made the situation was somewhat changed by the defendant resting; but after the defendant had rested and the plaintiff had made his motion for the direction of a verdict, the defendant Hoyt continued his argument of the motion that he had made, based upon the same grounds that he had stated when the motion was to dismiss the complaint at the end of the plaintiffs' case. It is only just to the defendant Hoyt that this situation should distinctly appear. The motion to resettle the case was not denied upon a dispute as to what actually happened upon the trial;

but from the memorandum of the learned trial judge, it would seem to have been based upon the fact that the case in its present condition was settled by consent. No affidavit was submitted by the plaintiffs in opposition to this motion, and no question of fact is presented.

The order appealed from should be reversed, and the motion to re-settle the case granted, so that the grounds of the defendant Hoyt's motion to dismiss the complaint should be inserted in the case, with $10 costs and disbursements. All concur.